ORVILLE O. AMSDEN, Respondent, v. WILLIAM C. DUNHAM, Appellant, Impleaded with GEORGE H. HARRIS, Defendant.

*Commission to an employee of a firm upon its profits — not computed on the difference between the cost to the firm of a warehouse and the price paid therefor by one of the partners.*

Where a firm, engaged in the business of buying and selling cheese, employs a person to assist in the business, agreeing to pay him a fixed monthly salary and a commission of five per cent upon the profits of the firm, and, upon the dissolution of the partnership, one of the members of the firm takes a warehouse constructed by the firm during the continuance of the contract of employment, at a greater valuation than the cost of construction, the differ-

ence between the cost of construction and the valuation at which the member took it is not a profit of the firm upon which the employee is entitled to commissions.

APPEAL by the defendant, William C. Dunham, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Allegany on the 25th day of February, 1902, upon the report of a referee.

*Stanley C. Swift*, for the appellant.

*W. J. Wetherbee*, for the respondent.

HISCOCK, J.:

We think that the judgment appealed from should be reversed.

This action was brought by plaintiff to recover for services rendered to the defendants. The latter were copartners, and their copartnership was formed "for the purchase and sale of cheese." Plaintiff was to receive for his services a certain sum per month, and in addition thereto a commission of five per cent upon the profits of the firm, or, as it is expressed in his evidence, "five per cent of the profits as long as there was a firm of Dunham & Harris and I worked for them." The matter of these commissions was satisfactorily adjusted for two years, .but a dispute arose as to those which plaintiff was entitled to receive for the third year, which has given rise to the only question which we need consider upon this appeal.

It seems that while plaintiff was in the employ of the defendants they constructed a cold storage warehouse, investing therein upwards of the sum of $8,000. During the final year of plaintiff's employment controversies arose between the defendants, the firm was dissolved, and in dividing up the copartnership property the defendant Harris took this warehouse at a valuation of $14,000 or upwards. Plaintiff claims that the difference between the cost of the storehouse and the price at which Harris took it was a profit in the firm business upon which he was entitled to receive commissions, and the learned referee has found in his favor upon this question.

We do not think that it was fairly within the contemplation of the parties that a profit or increase in valuation of such a piece of property as this should be the basis of commissions to plaintiff. The

regular legitimate business of defendants when plaintiff entered their employ was, as stated, the purchase and sale of cheese. It is manifest that he was hired to help about that business. While one of the expressions above quoted from the evidence about his receiving commissions is quite broad, his complaint alleges his right to recover for work, labor and services performed for defendants "in their copartnership business," which was the buying and selling of cheese. So far as the evidence and surrounding facts disclose that was the purpose for which he was hired. It does not appear that he was expected to render any particular services with reference to such ventures as the erection and operation of this warehouse, and it is a reasonable construction of the contract that he should receive commissions upon the profits of the business which received the benefit of his services.

While it is true that this warehouse was used in connection with defendants' business and was deemed advantageous for the proper conduct thereof, it can hardly be regarded as strictly and properly a part of the business itself. It was simply a means of carrying on the work in which the copartnership was engaged. It was collateral and incidental to the same rather than a part thereof. It would be unreasonable to assume that the parties contemplated that any enterprise in which the copartners might engage, although with copartnership funds and however remote from their natural business, should be made the basis of swelling or reducing plaintiff's commissions. We assume that if defendants had made profits in any one year in the purchase and sale of cheese upon which plaintiff was entitled to commissions, and such profits were entirely wiped out by some outside venture like the erection of this building or the purchase of land or any other form of speculation, plaintiff very strenuously would have insisted that he should not be affected by such losses. The reverse of the illustration seems to us proper. We do not think that the erection of the building was a part of the copartnership business which plaintiff was hired to work in, and that he is, therefore, not entitled to compensation by way of commissions upon any apparent profit in the building.

We have not overlooked the fact that the case upon appeal does not in precise words state that it contains all the evidence. The parties, however, have made what they evidently regarded as a com-

pliance with the rule upon this subject, and no question has been raised by either of them upon this point. Under such circumstances we have deemed it proper to be governed by the manifest intention of the parties.

In accordance with these views we think the judgment appealed from should be reversed, with costs to the appellant to abide event.

ADAMS, P. J., MCLENNAN and WILLIAMS, JJ., concurred; SPRING, J., not voting.

Judgment reversed and new trial ordered, with costs to the appellant to abide event upon questions of law only, the facts having been examined and no error found therein.